# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE,[1] | ) |
| Plaintiff, | ) Case No. 19 C 7375 |
| v. | ) Judge Sharon Johnson Coleman |
| CITY OF CHICAGO and WILLIAM WHITLEY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe brings this lawsuit against former Chicago police officer William Whitley after he solicited sex from her and sexually assaulted her when she was minor. She specifically brings a Fourteenth Amendment substantive due process claim against Whitley and a claim based on *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978), against defendant City of Chicago, as well as state law claims. Before the Court is the City's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies the City's motion except for plaintiff's state law battery claim against it in Count IV of the complaint, which is dismissed with prejudice.

**Background**

The Court takes the following facts from the complaint and construes them as true for purposes of this motion. After an FBI investigation revealed that Whitley had been soliciting sex from minors while he was a Chicago police officer, Whitley was charged with child pornography and sex trafficking in November 2016. Whitley pleaded guilty to one count of sex trafficking of a minor in violation of 18 U.S.C. § 1581(a)(1) in May 2018 and was sentenced to 300 months (25 years) in

---

[1] The Court granted plaintiff's unopposed motion to proceed anonymously on February 5, 2020.

prison in September 2018. Plaintiff was one of Whitley's victims.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Color of State Law*

The City first argues that the Court must dismiss plaintiff's *Monell* claim because she cannot establish her underlying constitutional claim against Whitley. The City does not address the substantive due process allegations based on plaintiff's liberty interest in her bodily integrity. *See Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) ("rape committed under color of state law is … actionable under 42 U.S.C. § 1983 as a deprivation of liberty without due process of law."). Instead, the City argues that Whitley was not acting under the color of state law, as required under § 1983, when he committed the underlying sexual assaults.

"Action is taken under color of state law 'when it involves a misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Barnes v. City of Centralia, Ill.*, 943 F.3d 826, 831 (7th Cir. 2019) (citations omitted). There

is "no set formula" in determining whether a police officer has acted under the color of state law. *Harnishfeger v. United States,* 943 F.3d 1105, 1119 (7th Cir. 2019). Rather, courts look to several factors in determining whether a police officer acts under color of state law, including if: (1) the officer pretends to act under color of law, (2) his pretense of acting in the performance of his duties influenced others' behavior; and (3) the harm inflicted on the plaintiff related to the police officer's status. *Jones-Huff v. Hill,* 208 F.Supp.3d 912, 919–20 (N.D. Ill. 2016) (Wood, J.) (citing *Naffe v. Frey,* 789 F.3d 1030, 1037 (9th Cir. 2015)); *see also Kindred v. Hilt-Dyson*, No. 94 C 4377, 1995 WL 250417, at *3 (N.D. Ill. Apr. 27, 1995) (Conlon, J.) ("A police officer acts under the color of law if he … acts for private aims but pretends to act under police authority.").

Construing plaintiff's factual allegations as true and all reasonable inferences in her favor, she has sufficiently alleged that Whitley was acting under the color of state law when he solicited sex from her and sexually assaulted her. In particular, plaintiff alleges that during her encounters with Whitley, he would brag about being a police officer, keep his uniform prominently displayed, wear jewelry displaying the Chicago Police Department ("CPD") logo, and keep his CPD issued firearm nearby. Other color of law allegations in the complaint include that Whitley paid another minor victim for oral sex while his CPD partner drove him around and that Whitley offered to drive another minor girl to his home in his police department vehicle. Under these facts, Whitley exploited his status as a Chicago police officer to harm plaintiff and the other victims. Plaintiff thus has alleged sufficient facts to nudge her substantive due process claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570; *Taha v. Int'l Bhd. of Teamsters, Local 781,* 947 F.3d 464, 472 (7th Cir. 2020).

Even if plaintiff had not sufficiently alleged that Whitley was acting under the color of state law, "[o]n a municipal liability claim, the City policy itself must cause the constitutional deprivation, [t]herefore, the municipality itself is the state actor and its action in maintaining the alleged policy at

3

issue supplies the 'color of law' requirement under § 1983." *Gibson v. City of Chicago*, 910 F.2d 1510, 1519 (7th Cir. 1990); *see also Cazares v. Frugoli*, No. 13 C 5626, 2017 WL 1196978, at *14 (N.D. Ill. Mar. 31, 2017) (Kendall, J.) (collecting cases); *see e.g., Obrycka v. City of Chicago*, No. 07 C 2372, 2012 WL 601810, at *5 (N.D. Ill. Feb. 23, 2012) (St. Eve, J.). The City's "color of state law" argument thus fails.

*Monell Claim*

Further, the City contends that because Whitley was not acting under the color of state law, the Court should dismiss plaintiff's *Monell* claim because the City did not have a duty to protect her from his sexual assaults. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"). Because plaintiff has sufficiently alleged that Whitley and the City were acting under the color of law, the City's *DeShaney* argument is misplaced. The Court therefore turns to whether plaintiff has adequately alleged her *Monell* claim under the federal pleading standards.

To successfully allege a claim under *Monell,* a plaintiff must show "(1) a municipal action, which can be an express policy, a widespread custom, or an act by an individual with policy-making authority; (2) culpability, meaning, at a minimum, deliberate conduct; and (3) causation, which means the municipal action was the 'moving force' behind the constitutional injury." *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 598 (7th Cir. 2019). In its motion, the City argues that plaintiff has failed to adequately allege the requisite causal connection, namely, that the City's deliberate conduct was the moving force behind her constitutional injury. To show that the City's custom or practice is the moving force behind her constitutional deprivation, plaintiff must allege "a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.E.2d 626 (1997).

4

Plaintiff alleges that there is an unlawful widespread practice in the CPD – often labeled the "code of silence" – which is so permanent that it constitutes a practice with the force of law. According to plaintiff, under the code of silence, CPD officers protect each other by covering up unlawful misconduct, and the City fails to properly discipline and train its officers in relation to this unlawful misconduct. The code of silence is the moving force behind her constitutional injuries, plaintiff asserts, because it emboldened Whitley to unlawfully solicit sex and rape her without fear of any repercussions, such as being investigated or disciplined. Allegations supporting the inference that Whitley was emboldened by the code of silence include that there were dozens of internal and civilian complaints lodged against him, resulting in only three being sustained. Under these allegations, plaintiff has plausibly linked the City's actions and inactions embodied in the code of silence to her constitutional deprivation.

*State Law Claims*

Next, the City moves to dismiss plaintiff's indemnification claim based on her state law battery claim because Whitley was not acting within the scope of his employment when he sexually assaulted her as required under 745 ILCS 10/9-102. "Under Illinois law, there are three necessary criteria for an employee's action to be within the scope of his employment:" (1) "the relevant conduct must be of the kind that the employee was employed to perform;" (2) "the conduct must have occurred substantially within the time and space limits authorized by the employment;" and (3) "the conduct must have been motivated, at least in part, by a purpose to serve the employer." *Elston v. County of Kane*, 948 F.3d 884, 887 (7th Cir. 2020). The requirement of "'under color of' state law under § 1983 is not coextensive with 'scope of employment' under Section 9–102," although the two concepts are related. *Anderson v. Moussa*, 250 F.Supp.3d 344, 350 (N.D. Ill. 2017) (Feinerman, J.).

The City argues that sexual assault is categorically outside of the scope of employment as a matter of law. *See Deloney v. Board of Ed. of Thornton Twp.,* 281 Ill.App.3d 775, 784, 217 Ill.Dec. 123,

666 N.E.2d 792 (1st Dist. 1996); *see also Martin v. Milwaukee Cty.*, 904 F.3d 544, 557 (7th Cir. 2018) ("under Illinois law, sexual assault categorically is never within the scope" of employment). The Court agrees, especially because in "the context of *respondeat superior* liability, the term 'scope of employment' excludes conduct by an employee that is solely for the benefit of the employee." *Deloney*, 281 Ill.App.3d at 784 (citation omitted). Plaintiff's argument that this issue has not been conclusively decided by the Illinois Supreme Court does not save the day, especially because federal courts are reluctant to expand the law of a state that is not "in line with the state's existing thinking on the subject." *Johnson v. Cook Cty.,* 526 Fed. Appx. 692, 697 (7th Cir. 2013) (citation omitted). The Court therefore grants this aspect of the City's motion to dismiss.

Plaintiff brings another state law claim against the City based on the City's failure to protect her and failure to discipline and train Whitley. The City maintains that it is immune from these claims under the Illinois Tort Immunity Act, but it is well-established that a "plaintiff is not required to plead elements in his or her complaint that overcome affirmative defenses." *NewSpin Sports, LLC v. Arrow Elec., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018). The Court therefore turns to the City's argument that plaintiff has failed to adequately plead this claim.

Because Doe's failure to train and discipline claim sounds in negligence, she must sufficiently allege the existence of a duty, the defendant's breach of that duty, and that the breach proximately caused her injuries. *Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018). Here, the City asserts that Doe has failed to adequately allege proximate cause, keeping in mind that "[p]roximate cause is a matter of foreseeability; that is, conduct is a proximate cause of an injury if a reasonable person would foresee such an injury as a likely result of that conduct." *Winston v. City of Chicago*, 136 N.E.3d 188, 194, 434 Ill.Dec. 440, 446, 2019 IL App 181419, ¶ 24 (1st Dist. 2019).

Despite the City's argument to the contrary, plaintiff has adequately alleged a link between the City's failure to supervise or train Whitley and his sexual assaults of her. Viewing the allegations

6

as true and all reasonable inferences in plaintiff's favor, she specifically alleges that Whitley frequently engaged in unlawful misconduct that generally reflected his misogyny and that he engaged in a pattern of soliciting sex from minors and sexually assaulted them.  Plaintiff also states that the City knew of Whitley's unlawful misconduct through the various internal and civilian complaints lodged against him.  It is also a reasonable inference to conclude that the City knew of Whitley's misdeeds based on the allegation that while Whitley paid another minor victim for oral sex, his CPD partner drove him around.  Based on these allegations, a reasonable person would have foreseen plaintiff's injury.  The Court denies the City's motion in this respect.

Last, the City contends that the Court must dismiss plaintiff's claim based on Illinois' Gender Violence Act (the "Act") because the City is not a "person" who can be sued under the Act, which states:

> Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence.  For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

740 ILCS 82/10. Section 5 of the Act defines "gender-related violence" as "[o]ne or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex" and "[a] physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois." 740 ILCS 82/5.

Some courts in this district have concluded that the term "person" means "natural persons" – not corporations or municipalities, *see, e.g., Fuesting v. Uline, Inc.*, 30 F.Supp.3d 739, 742 (N.D. Ill. 2014) (Gettleman, J.), while others have reached the opposite conclusion. *See Smith v. Rosebud Farmstand*, 909 F.Supp.2d 1001 (N.D. Ill. 2012) (Dow, J.). Meanwhile, the Illinois Appellate Court,

7

Third District, recently held that "under some circumstances, a legal entity, such as a corporation, can act 'personally' for purposes of giving rise to civil liability under the Act." *Gasic v. Marquette Mgmt., Inc.,* 2019 IL App (3d) 170756, ¶ 16, 2019 WL 2151329, at *3 (3d Dist. 2019).

Neither party fully addresses the implications of the Illinois Appellate Court's *Gasic* holding, and the Court will not research and construct the parties' legal arguments for them. *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010). As such, because it is an open question under Illinois law whether a corporation or entity is a "person" under the Act, the Court denies the City's motion to dismiss plaintiff's claim at this juncture.

**Conclusion**

For the foregoing reasons, this Court grants in part and denies in part defendant's motion to dismiss [15].

IT IS SO ORDERED.

Date: 4/6/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge